JOSEPH E. ADDIEGO III (CA State Bar No. 169522)
MARY MCNEILL (CA State Bar No. 261500)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:	(415) 276-6500
Facsimile:	(415) 276-6599
Email:	joeaddiego@dwt.com
	marymcneill@dwt.com

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JASON CHAN LEE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JPMORGAN CHASE BANK, N.A., MTC FINANCIAL, INC. dba TRUSTEE CORPS and DOES 1-10.<br><br>　　　　　　Defendant(s). | Case No. 3:15-cv-05215-WHA<br><br>**JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION FOR RULE 41(B) DISMISSAL**<br><br>Accompanying Papers: Memorandum of Points and Authorities; Declaration of Mary McNeill; [Proposed] Order<br><br>Date:　　　December 22, 2016<br>Time:　　　8:00 a.m.<br>Courtroom:　8<br>Judge:　　　The Hon. William Alsup |

TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD:

**PLEASE TAKE NOTE** that on Thursday, December 22, 2016 at 8:00 a.m. or as soon thereafter as the matter may be heard before the Hon. William Alsup in Courtroom 8 of the above-captioned Court located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant JPMorgan Chase Bank, N.A. ("Chase") will and hereby does move for dismissal of Plaintiff Jason Chan Lee's Complaint ("Complaint") and all claims alleged therein pursuant to Federal Rule of Civil Procedure 41 ("Motion").

This Motion is made on the grounds that Plaintiff has failed to prosecute his case after filing it over one year ago, and the Court should dismiss and close the case as a result.

This Motion is based on Federal Rule of Civil Procedure 41, this Notice, the Memorandum of Points and Authorities in Support hereof, the Declaration of Mary McNeill filed concurrently with this Motion ("McNeill Decl."), all pleadings and records on file in this matter, and upon such further oral and documentary evidence as may be presented before or at the hearing of this Motion.

DATED: November 14, 2016

DAVIS WRIGHT TREMAINE LLP
Joseph E. Addiego III
Mary McNeill

By: /s/ Mary McNeill
    Mary McNeill

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

JOSEPH E. ADDIEGO III (CA State Bar No. 169522)
MARY MCNEILL (CA State Bar No. 261500)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:  (415) 276-6500
Facsimile:  (415) 276-6599
Email:  joeaddiego@dwt.com
  marymcneill@dwt.com

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JASON CHAN LEE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JPMORGAN CHASE BANK, N.A., MTC FINANCIAL, INC. dba TRUSTEE CORPS and DOES 1-10.<br><br>　　　　　Defendant(s). | Case No. 3:15-cv-05215-WHA<br><br>**JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RULE 41(B) DISMISSAL**<br><br>Date:　　　December 22, 2016<br>Time:　　　8:00 a.m.<br>Courtroom:　8<br>Judge:　　　The Hon. William Alsup |

Plaintiff filed this action over one year ago on October 9, 2015. *See* Dkt. No. 1, Ex. A. Defendant JPMorgan Chase Bank, N.A. ("Chase") timely removed and since then, Plaintiff has done nothing to prosecute the case and has engaged in repeated delay tactics—such as prolonging the most recent stay, which prevents Chase from moving to dismiss. Plaintiff also failed to comply with the Court's June 28 order requiring Plaintiff to file a status report by September 26. *See* Dkt. No. 34. This case has been stagnating for over a year without any action by Plaintiff except for seeking multiple stays.[1] *See, e.g.,* Dkt. Nos. 15, 27 (requesting stays and frustrating Chase's efforts to advance litigation); *see also* McNeill Decl., ¶¶ 2-17 (describing Chase's efforts to advance litigation and Plaintiff's non-responses).

As a result, the Court should dismiss this case without prejudice for failure to prosecute under Rule 41(b).

## I.     FACTS

On June 17, 2016, court-appointed receiver Thomas W. McNamara filed a notice alerting the Court that the law firm of Plaintiff's former counsel had been placed into receivership by the FTC.[2] *See* Dkt. No. 33 ("FTC Notice"). Because of Plaintiff's former counsel's discplinary trouble and resulting inability to represent Plaintiff in this case, the FTC's Notice requested a 90-day stay of this action to give Plaintiff the opportunity to secure new counsel. *See id.*

Per the TRO in the FTC's case against Plaintiff's former counsel, judicial intervention was required to "take[] control of the law firms and suspend[] operations." Dkt. No. 33 at 1. Under the TRO, the court-appointed receiver was authorized to request stays so that "clients" such as Plaintiff are "given the opportunity to obtain new plaintiffs' counsel." Dkt. No. 33 (noting the FTC Notice "requested a 90-day stay for plaintiff to secure new counsel in this case").

---

[1] Apparently, Plaintiff filed this action for the sole purpose of delaying foreclosure proceedings—proceedings which have in fact been delayed for over a year now.

[2] Before his law firm was placed into receivership by the FTC, Plaintiff's former counsel was suspended by the California State Bar on two separate occasions. *See* http://members.calbar.ca.gov/fal/Member/Detail/176091 (stating Plaintiff's counsel Charles T. Marshall was disciplined with actual suspension on July 3, 2014 and again on November 25, 2015).

On June 28, the Court stayed this case per the court-appointed receiver's request and vacated all hearings and deadlines. Dkt. No. 34 (noting stay request was "for Plaintiff to secure new counsel in this case"). In doing so, the Court ordered Plaintiff—*not* Plaintiff's former counsel, whose law practice is in receivership and has been suspended—to file a status report in this case by September 26, 2016. *See id.* To date, Plaintiff has not filed any report.

## II.   LEGAL STANDARD

If a plaintiff fails to prosecute his or her case or to comply with a court order, a defendant may move to dismiss the action or any claim against it. Fed. R. Civ. P. 41(b). The district court also has the inherent power to *sua sponte* dismiss a case for lack of prosecution. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (affirming dismissal for failure to prosecute).

The court is required to weigh several factors in determining whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). The Ninth Circuit reviews such dismissals only for abuse of discretion. *Id.* (affirming dismissal of action after "not particularly lengthy" delay of four to six weeks).

A dismissal for lack of prosecution supported by a showing of unreasonable delay creates a presumption of injury to the defense. *Id.* The plaintiff has the initial burden to show a non-frivolous explanation for the delay in prosecution and then the burden shifts to the defendant to produce evidence of prejudice from the delay. *See Fentuao-Salaita-Titie v. First Magnus Fin. Corp.*, 2009 WL 2762677, at *2, No. 09-822 (S.D. Cal. Aug. 28, 2009) (concluding dismissal was appropriate because plaintiffs "failed to take any steps to prosecute [the] action").

## III.   ARGUMENT

After several months of inactive litigation, the Court provided Plaintiff an additional 90 days "to secure new counsel in this case" who could prosecute the case. *See* Dkt. No. 34. Instead of securing new counsel or complying with the Court's June 26 order, Plaintiff has still failed to prosecute this case <u>filed October 9, 2015</u> and has failed to offer any explanation for such failure.

DAVIS WRIGHT TREMAINE LLP

A presumption of prejudice to Chase has thus arisen, and Chase has suffered actual prejudice via attorneys' fees as a result of Plaintiff's unreasonable delay. *See Fentuao-Salaita-Titie*, 2009 WL 2762677, at *2.

### A. The Relevant Factors Support Dismissal

The five factors courts weigh in considering whether to dismiss a case for lack of prosecution also support dismissal. *Ash*, 739 F.2d at 496. First, the public's interest in expeditious resolution of litigation weighs in Chase's favor because Plaintiff filed this case over one year ago and since then has done nothing to prosecute it. *See id.* Second, the Court's need to manage its docket weighs in favor of Chase because the Court ordered Plaintiff to file a status report by September 26, but Plaintiff neither complied with the Court's order nor offered any explanation for his failure to do so. *See id.* Third, the risk of prejudice to Chase weighs in Chase's favor because "unreasonable delay creates a presumption of injury," and here, the delay has been over ***one year***. *See id.* Fourth, the public policy favoring disposition of cases on their merits weighs in Chase's favor because Plaintiff's failure to prosecute this case and comply with Court orders both demonstrate that continued, stagnant litigation will not lead to a disposition of this case on its merits. Indeed, Plaintiff has demonstrated no real desire to litigate this case on its merits and has refused to meet and confer with Chase in good faith or to lift stays to allow Chase to file a Rule 12(b)(6) responsive pleading. *See, e.g.,* Dkt. Nos. 15, 26; *see also* McNeill Decl., ¶¶ 2-17. Finally, the availability of less drastic sanctions weighs in Chase's favor because Chase is requesting a dismissal without prejudice, which "is a more easily justified sanction for failure to prosecute" because (1) even a "relatively brief period of delay is sufficient to justify [] sending a litigant to the back of the line;" and (2) a dismissal without prejudice still gives Plaintiff the "opportunity to return and prosecute his claims another day." *See Ash*, 739 F.2d at 496-97.

### B. The One-Year Delay Supports Dismissal

In *Ash*, the Ninth Circuit affirmed dismissal of an action after plaintiffs "neglected their case" for four to six weeks noting that while the delay was "not particularly lengthy," the district court was in a "much better position" to determine what period of delay can be endured, and the dismissal "was without prejudice, giving the plaintiff an opportunity to return and prosecute his

DAVIS WRIGHT TREMAINE LLP

claims another day." *Id.* at 496-97. The court reasoned that a "relatively brief period of delay is ***sufficient to justify the district court's sending a litigant to the back of the line***." *Id.* at 497 (emphasis added). The same is true here, though a dismissal without prejudice is far more compelling in this case because Plaintiff's delay is not "brief" as was the delay in *Ash* (there, 4 to 6 weeks)—rather, Plaintiff has delayed this case for over a year. *Cf. id.* at 496-97. During the year since Plaintiff filed this case and then failed to prosecute it, Chase has suffered actual prejudice by incurring significant attorneys' fees to litigate in good faith, only to be presented with complete silence from Plaintiff and Plaintiff's former counsel. *See, e.g.,* McNeill Decl., ¶¶ 2-17; *see also,* Dkt. No. 35.

Not only did Plaintiff initially engage counsel with a history of discipline by the state bar—counsel who wholly failed to prosecute this case for over eight months—Plaintiff has still failed to act despite the fact that another four months have lapsed. *See* Dkt. No. 34.[3] Nor can Plaintiff argue that dismissal is unjust because he has been prejudiced by his former counsel's errors. *See Henderson*, 779 F.2d at 1424, n. 1 (citing *Link v. Wabash Railroad*, 370 U.S. 626, 633 (1962)). Plaintiff "was free to select the counsel of his choice," and in this case, Plaintiff was given an additional 90 days to secure effective counsel and instead did nothing. *See id.*; *see also* Dkt. No. 34. And, by voluntarily choosing Charles T. Marshall as Plaintiff's representative in this action, Plaintiff "cannot now avoid the consequences of the acts or omissions of this freely selected agent." *See Link*, 370 U.S. at 633-34 (affirming dismissal and courts' "inherent power to dismiss without affording any notice or providing an adversary hearing"). "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Id.* at 634.

---

[3] The "Status Report of Plaintiff" filed by Charles T. Marshall on September 26 does not "comply with the Court's order" because both the FTC Notice and the court's order in the FTC action make clear that operations of Charles T. Marshall's law office have been "suspended" by the court-appointed receiver. *See* Dkt. No. 33 at 1; *compare id.* with Dkt. No. 35 and Fed. R. Civ. P. 41(b). Additionally, the court-appointed receiver was only authorized to request stays so that Plaintiff would have "the opportunity to obtain new [] counsel." *See* Dkt. Nos. 33-34. While acknowledging the FTC's case against him is still "open," Charles T. Marshall's status report inexplicably overlooks that his practice has been "suspended," and Plaintiff was supposed to "secure new counsel in this case" by September 26. *See* Dkt. Nos. 33-35.

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RULE 41(B) DISMISSAL
Case No. 3:15-cv-05215-WHA

Because Plaintiff has done nothing to prosecute the case and has engaged in repeated delay tactics over the span of more than a year, the Court should dismiss it without prejudice. That will avoid unnecessary judicial intervention and give Plaintiff the opportunity to find new counsel if he so chooses.

## IV.   CONCLUSION

As a result of the foregoing, Chase respectfully requests that the Court dismiss and close this case.

DATED: November 14, 2016

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP
Joseph E. Addiego III
Mary McNeill

By:  /s/ Mary McNeill
       Mary McNeill

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.