JOSEPH E. ADDIEGO III (CA State Bar No. 169522)
MARY MCNEILL (CA State Bar No. 261500)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:  (415) 276-6500
Facsimile:  (415) 276-6599
Email:  joeaddiego@dwt.com
  marymcneill@dwt.com

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JASON CHAN LEE,<br><br>    Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A., MTC FINANCIAL, INC. dba TRUSTEE CORPS and DOES 1-10.<br><br>    Defendant(s). | Case No. 3:15-cv-05215-WHA<br><br>**DECLARATION OF MARY MCNEILL IN SUPPORT OF JPMORGAN CHASE BANK, N.A.'S MOTION FOR RULE 41(B) DISMISSAL** |

I, Mary McNeill, declare:

1. I am an associate attorney in Davis Wright Tremaine, LLP's San Francisco office, and I represent JPMorgan Chase Bank, N.A. ("Chase") in this matter. I have personal knowledge of the matters set forth herein. If called as a witness to testify in this matter, I could competently testify regarding the subject matter of this declaration.

2. I have attempted to contact Plaintiff Jason Chan Lee ("Plaintiff") unsuccessfully via his counsel over ten times with no response from counsel. Plaintiff's counsel does not respond to emails or phone telephone calls.

3. Plaintiff filed this lawsuit over one year ago on October 9, 2015 and has not required Chase to respond to the Complaint to date. *See* Dkt. Nos. 15, 27, 33-35.

4. On January 28, 2016 at 10:45 a.m., I emailed Plaintiff's counsel in an attempt to advance the case and did not receive a response.[1]

5. On February 2, 2016 at 10:46 a.m., I emailed Plaintiff's counsel in an attempt to advance the case and did not receive a response.

6. On February 8, 2016 at 1:26 p.m., I emailed Plaintiff's counsel in an attempt to advance the case and did not receive a response.

7. On February 10, 2016 at 9:36 a.m., I emailed Plaintiff's counsel in an attempt to advance the case and did not receive a response.

8. On February 15, 2016 at 2:30 p.m., I called Plaintiff's counsel and left a message on his voicemail asking that he email me or return my phone call. I did not receive a response.

9. On February 17, 2016 at 10:18 a.m., I emailed Plaintiff's counsel in an attempt to advance the case and did not receive a response.

10. On February 23, 2016 at 3:24 p.m., I emailed Plaintiff's counsel in an attempt to advance the case and did not receive a response.

/ / /

---

[1] In all such instances, I used email addresses for Plaintiff's counsel that they provided the Court's e-filing system and phone numbers from the California State Bar's websites. My phone calls yielded voicemail messages indicating I had reached Plaintiff's counsel.

1

DECLARATION OF MARY MCNEILL ISO MOTION FOR RULE 41(B) DISMISSAL
Case No. 3:15-cv-05215-WHA

11. On March 1, 2016 at 3:30 p.m., I called Plaintiff's counsel and reached him by phone. Plaintiff's counsel told me he was not able to get in contact with Mr. Lee and could not discuss the case with me as a result.

12. On March 7, 2016 at 10 a.m., I called Plaintiff's counsel and left a message on his voicemail asking that he email me or return my phone call. I did not receive a response.

13. On March 21, 2016 at 5:36 p.m., I emailed Plaintiff's counsel in an attempt to advance the case and did not receive a response.

14. On April 1, 2016, I sent a letter via U.S. Mail to Plaintiff's counsel[2] in an attempt to advance the litigation. The letter sent to Plaintiff's counsel included seven (7) exhibits that demonstrated Chase's efforts to advance the litigation. I did not receive a response to my April 1, 2016 letter.

15. On May 24, 2016, I sent another letter via U.S. Mail to Plaintiff's counsel[3] in an attempt to advance the litigation and stating Chase's intention to lift the stay Plaintiff requested (Dkt. No. 27) and noting that Chase agreed to the stay in good faith and believed Plaintiff was intentionally frustrating Plaintiff's stated purpose for the stay. I did not receive a response to my May 24, 2016 letter.

16. On June 17, 2016, the court-appointed receiver assigned to the case the FTC brought against Plaintiff's counsel filed a notice with the Court requesting a 90-day stay of the case to give Plaintiff "the opportunity to obtain new plaintiffs' counsel." Dkt. No. 33 at 1. The court-appointed receiver's authority over the instant litigation was solely "**to permit any client of the Receivership entities to obtain replacement counsel.**" *Id.* at 2 (emphasis original).

17. The purpose of the receiver's stay request was to avoid any "prejudice" to Plaintiff by the receivership. In the nearly five months since June 17, 2016, Plaintiff has not obtained new counsel. *See* Dkt. Nos. 34-35.

/ / /

---

[2] I also sent a copy of the letter to Plaintiff's counsel in an email as a PDF attachment.

[3] I also sent a copy of the letter to Plaintiff's counsel in an email as a PDF attachment.

2

DECLARATION OF MARY MCNEILL ISO MOTION FOR RULE 41(B) DISMISSAL
Case No. 3:15-cv-05215-WHA

DAVIS WRIGHT TREMAINE LLP

18. The Court ordered Plaintiff to file a status report by September 26. Dkt. No. 34. To date, Plaintiff has neither complied with the Court's order nor contacted Chase about the Court's order.[4]

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on November 14, 2016, in San Francisco, California.

                                                             /s/ Mary McNeill
                                                           Mary McNeill

DAVIS WRIGHT TREMAINE LLP

---

[4] The Court's order (Dkt. No. 34) and the receiver's notice (Dkt. No. 33) both made clear that Plaintiff's counsel has been suspended from practicing law in California, and Plaintiff needs to find new counsel. *See* Dkt. Nos. 33-34. The Court did not order Plaintiff's *former* counsel, whose law firm has been taken into receivership by the FTC, to file a status report—it ordered Plaintiff to file a status report. *See* Dkt. No. 34.

3

DECLARATION OF MARY MCNEILL ISO MOTION FOR RULE 41(B) DISMISSAL
Case No. 3:15-cv-05215-WHA