United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JASON CHAN LEE,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A., MTC FINANCIAL, INC., dba Trustee Corps, and DOES 1–10,

    Defendants.

No. C 15-05215 WHA

**ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND VACATING HEARING**

    Plaintiff Jason Chan Lee filed this action for wrongful foreclosure in October 2015 in Santa Clara Superior Court. Defendant JPMorgan Chase Bank, N.A. removed the action to federal court here in San Francisco, where it was assigned to Judge Ronald M. Whyte.

    In June 2016, a court-appointed receiver filed a notice that the law firm of plaintiff's attorney, Charles Thomas Marshall, had been placed into receivership by the Federal Trade Commission (Dkt. No. 33). The notice sought a ninety-day stay of proceedings so that Lee could secure new counsel. Judge Whyte granted the request for a stay. That order provided, "[p]laintiff is ordered to file a status report in this case by September 26, 2016" (Dkt. No. 34).

    On September 26, Attorney Marshall, on behalf of Lee, stated he intended to resolve the issue of Lee's representation by December 5, the date of the case management conference in the FTC matter against his firm (Dkt. No. 35). Lee himself filed no status report.

On November 3, following Judge Whyte's retirement, this action was reassigned to the undersigned judge (Dkt. No. 37). On November 14, more than ninety days after the ninety-day stay had been imposed, JPMorgan moved to dismiss the action *without prejudice* for failure to prosecute (Dkt. No. 38). On November 16, defendant MTC Financial, Inc., joined that motion (Dkt. No. 39).

Lee's response to the motion to dismiss was due on November 28. Now, more than two weeks later, no response to the motion has been filed. Nor has Lee provided any update about the issues in his representation while his counsel's firm is in receivership. (In fact, neither Lee nor his counsel have filed anything since September 26.)

Lee's failure to retain new counsel during the ninety-day stay demonstrates his lack of interest in this case. That lack of interest is underscored by his failure to respond to the instant motion to dismiss. Pursuant to Rule 41(b), this action is **DISMISSED**. Judgment will follow.

The hearing scheduled for December 22 is **VACATED**.

**IT IS SO ORDERED.**

Dated: December 14, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2